# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL        'O'

| Case No. | 2:17-cv-02944-CAS(RAOx) | Date | June 27, 2017 |
|---|---|---|---|
| Title | VECRON EXIM LTD. v. CLINTON L. STOKES, III | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) - DEFENDANT'S MOTION TO DISMISS (Dkt. 9, filed May 26, 2017)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. Accordingly, the hearing date of July 3, 2017 is vacated, and the matter is hereby taken under submission.

## I.   INTRODUCTION & BACKGROUND

On April 19, 2017, plaintiff Vecron Exim Ltd. ("Vecron") brought the instant action against defendant Clinton L. Stokes, III. Dkt. 1 ("Compl."). Plaintiff alleges one claim for breach of contract.

On May 26, 2017, Stokes filed a motion to dismiss for improper venue and failure to join an indispensable party. Dkt. 9 ("MTD"). On June 12, 2017, Vecron filed an opposition. Dkt. 12 ("Opp'n").

Vecron alleges that on January 23, 2017, Vecron, Stokes, and PPB Engineering and System Design, Inc. ("PPB") entered into a valid and binding agreement ("the Agreement"). Compl. ¶ 6. The subject matter of the Agreement is not clear from the face of the complaint. The Agreement provided, in pertinent part, that Stokes and PPB were to pay Vecron the following sums: (1) $35,000 upon execution of the Agreement and (2) $650,000 for an invoice, on or before February 19, 2017 (hereinafter, the "due date"). Id. ¶ 7. If the invoice was not paid on or before the due date, PPB and Stokes were to pay $232,000 within 48 hours of the due date, and $435,000 upon actual payment of the invoice or March 1, 2017, whichever occurred earlier. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-02944-CAS(RAOx) | Date | June 27, 2017 |
| Title | VECRON EXIM LTD. v. CLINTON L. STOKES, III | | |

Vecron alleges that Stokes and PPB made a guaranty to Vecron "together and severally, unconditionally and irrevocably . . . [to] promptly pay and perform the obligations" set forth in the Agreement. Id. ¶ 8. Stokes and PPB's guaranty would "become effective automatically without notice." Id. ¶ 10. Vecron alleges that Stokes and PPB failed to make the payments "as and when due." Id. Vecron's counsel subsequently sent a payment demand letter, to which Stokes did not respond. Id. ¶ 11. Vecron seeks to recover the amount Stokes owes pursuant to the Agreement. Id. ¶ 16.

In the instant motion to dismiss, Stokes maintains that the Agreement contains a forum-selection clause requiring disputes to be litigated in Nevada. MTD at 3; id., Ex. A ("Agreement") ¶ 14. Stokes further argues that PPB is a necessary party to the suit. MTD at 5. Thus, Stokes requests Vecron's complaint to be dismissed for lack of proper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and failure to join an indispensable party pursuant to Federal Rule of Civil Procedure 12(b)(7). See generally id.

## II. LEGAL STANDARDS

### A. Motion to Dismiss For Lack of Proper Venue

Under Rule 12(b)(3), a defendant may move to dismiss or transfer a complaint for improper venue. When deciding a Rule 12(b)(3) motion, unlike a Rule 12(b)(6) motion, the Court need not accept the pleadings as true and may consider facts outside the pleadings. See R.A. Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 324 (9th Cir. 1996). Once a defendant raises an objection to venue, the plaintiff bears the burden of establishing that the selected venue is proper. Rio Properties, Inc. v. Rio Intern. Interlink, 284 F.3d 1007, 1019 (9th Cir. 2002). To prevail on the 12(b)(3) motion, the plaintiff only needs to make a prima facie showing of proper venue. Proper venue is determined solely by federal venue laws. Atlantic Marine Const. Co., v. U.S. Dist. Court for Western Dist. of Texas, 134 S. Ct. 568, 577 (2013).

### B. Motion to Dismiss for Failure to Join an Indispensable Party

Rule 12(b)(7) permits a court to dismiss an action for failure to join a party whose presence is needed for just adjudication under Rule 19; see Confederated Tribes of Chehalis Indian Reservation v. Lujan, 928 F.2d 1496, 1498 (9th Cir. 1991). Rule 19

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:17-cv-02944-CAS(RAOx) | Date | June 27, 2017 |
|---|---|---|---|
| Title | VECRON EXIM LTD. v. CLINTON L. STOKES, III | | |

"sets forth considerations to guide a district court's determination whether a particular party should be joined in a suit if possible, referred to as a 'necessary party,' and, if so, whether, if the party cannot be joined, the suit should be dismissed because the absent party is indispensable." Disabled Rights Action Comm. v. Las Vegas Events, Inc., 375 F.3d 861, 878 (9th Cir. 2004) (citations omitted).

The Ninth Circuit has held that a party may be "necessary" pursuant to Rule 19 in either of two ways. Id. at 879. First, under Rule 19(a)(1), a party is necessary if complete relief cannot be granted in its absence. Id. "In conducting the Rule 19(a)(1) analysis, the court asks whether the absence of the party would preclude the district court from fashioning meaningful relief as between the parties." Id. Second, a party is necessary pursuant to Rule 19(a)(2), if the district court determines that "the absent party's participation is necessary to protect its legally cognizable interests or to protect other parties from a substantial risk of incurring multiple or inconsistent obligations because of those interests." Id. at 880. Such a legally cognizable interest must be more than a financial stake in the outcome of the litigation. Makah Indian Tribe v. Verity, 910 F.2d 555, 558 (9th Cir. 1990). "[T]here is no precise formula for determining whether a particular nonparty should be joined under Rule 19(a) . . . The determination is heavily influenced by the facts and circumstances of each case." N. Alaska Envtl. Ctr. v. Hodel, 803 F.2d 466, 468 (9th Cir. 1986). Finally, the moving party bears the burden of proving that joinder is necessary. Makah Indian Tribe, 910 F.2d at 558. Once the court determines that a party should be joined, the court must determine whether joinder is feasible. Fed. R. Civ. P. 19(a)–(b).

If a necessary party cannot be joined, the court must consider the following factors in deciding whether to dismiss the action because the party is indispensable:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:17-cv-02944-CAS(RAOx) | Date | June 27, 2017 |
|---|---|---|---|
| Title | VECRON EXIM LTD. v. CLINTON L. STOKES, III | | |

Fed. R. Civ. P. 19(b). However, such factors are not dispositive. Instead, in the context of a particular case, "the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Id.; see also Merrill Lynch, Pierce, Fenner & Smith, Inc. v. ENC Corp., 464 F.3d 885, 891 (9th Cir. 2006).

## IV.    DISCUSSION

### A.    Venue is Proper Under § 1391(b)(1)

Vecron alleges, and Stokes does not dispute, that Stokes is a resident of this judicial district. Stokes argues that the Agreement's forum-selection clause deems venue improper in this district. MTD at 3–4. The Agreement provides: "This Agreement will be governed by and construed in accordance with the laws of the State of Nevada, USA, and the Seller and the Buyer hereby attorn to the jurisdiction of the Courts of the State of Nevada, USA." Agreement ¶ 14.

A 12(b)(3) motion to dismiss "authorize[s] dismissal only when venue is 'wrong' or 'improper' in the forum in which it was brought." Atlantic Marine Const. Co., 134 S. Ct. at 577. "Whether venue is 'wrong' or 'improper' depends exclusively on . . . federal venue laws." Id. at 572. 28 U.S.C. § 1391 "govern[s] the venue of all civil actions brought in district courts of the United States . . . *except as other provided by law*." (emphasis added). To determine whether venue is proper, courts must refer only to the three categories in § 1391(b). Atlantic Marine Const. Co., 134 at 577. If "the case falls into one of the three categories," venue is proper and cannot be dismissed under §1406(a) or 12(b)(3). Id. A forum-selection clause in a contract "has no bearing on whether" the requirements of § 1391(b) are satisfied. Id. Hence, the clause may only "be enforced by a motion to transfer under § 1404(a)." Id. at 573.

Under 28 U.S.C. § 1391(b)(1), venue is proper in "a judicial district in which any defendant resides." Here, Stokes is the only defendant and is allegedly a resident of this judicial district. Thus, venue is proper. Should Stokes wish to adjudicate this matter in an alternative forum, the proper method is to request a venue transfer under §1404(a). Therefore, Stokes' motion to dismiss for improper venue is **DENIED**. The Court directs the parties to provide briefing as to why this case should not be transferred to the District of Nevada.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:17-cv-02944-CAS(RAOx) | Date | June 27, 2017 |
|---|---|---|---|
| Title | VECRON EXIM LTD. v. CLINTON L. STOKES, III | | |

### B.   A Joint Obligor Is Not an Indispensable Party

Stokes argues that PPB is an indispensable party to the suit. Stokes contends that under the Agreement, Stokes and PPB are "jointly identified as 'Debtors.'" MTD at 5. Stokes argues that both PPB and Stokes are "responsible for the liability . . . and accordingly, complete relief cannot be afforded" between Stokes and Vecron without the joinder of PPB. Id. In addition, Stokes maintains that it may be "subjected to a substantial risk of incurring inconsistent obligations." Id. at 6.

In order to determine whether PPB is indispensable to the suit, the Court must evaluate the relationship between PPB, Stokes, and Vecron, and their duties based on the Agreement. If an agreement "can be construed or interpreted as a contract imposing joint and several liability on its co-obligors, . . . complete relief may be granted in a suit against only one of them." Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d 399, 405 (3d Cir. 1993). In California, "a contract must be so interpreted as to give effect to the mutual intention of the parties . . . to be ascertained from the writing alone, if possible." Cal. Civ. Code §§ 1636, 1639.

Here, plaintiff alleges the Agreement identifies PPB and Stokes as "debtors" who promise "together and severally" to fulfill their obligations to Vecron. Compl. ¶ 8. This language can reasonably be interpreted to mean that PPB and Stokes are co-obligors who are "each bound for the whole performance" under the Agreement. See Restatement (Second) of Contracts § 289 (1981). In addition, both Stokes and Vecron agree that PPB and Stokes were jointly and severally liable under the Agreement. Compl. ¶ 8; MTD at 5.

Thus, the question before the Court becomes whether a co-obligor is an indispensable party in a breach of contract case. "Inherent in the concept of joint and several liability is the right of a plaintiff to satisfy its whole judgment by execution against any one of the multiple defendants who are liable to him." Janney Montgomery Scott, 11 F.3d at 412. Recent decisions reflect that courts allow the plaintiff discretion in joining a joint obligor. Charles Alan Wright et al., 7 Fed. Prac. & Proc. Civ. § 1613 (3d ed.). Accordingly, courts have consistently held that joint obligors are not indispensable parties and the failure to join joint obligors is not grounds for dismissal pursuant to Rule 12(b)(7). Trans Pac. Corp. v. South Seas Enterprises, Ltd., 291 F.2d 435, 436 (9th Cir. 1961); see also Universal Reinsurance Co. v. St. Paul Fire and Marine Ins. Co., 312 F.3d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL   'O'

| Case No. | 2:17-cv-02944-CAS(RAOx) | Date | June 27, 2017 |
|---|---|---|---|
| Title | VECRON EXIM LTD. v. CLINTON L. STOKES, III | | |

82, (2d Cir. 2002) (holding that joint obligors to a contract are not indispensable); Brackin Tie, Lumber & Chip Co. v. McLarty Farms, Inc., 704 F.2d 585, 586 (11th Cir. 1983) ("The district court . . . reviewed the split of authority on the issue and accepted the majority viewpoint that joint obligors are not indispensable parties to a suit based on breach of contract. We find no error in the district court's discussion and decision on the point[.]"); Tomblin v. XLNT Veterinary Care, Inc., No. 09-cv-1940-BTM-JMA, 2010 WL 2757311, at *3 (S.D. Cal. July 12, 2010) ("Joint obligors are not required parties." (citing Trans Pac Corp, 291 F.2d at 436)); Sinotrans Container Lines, Co. v. N. China Cargo Serv., Inc., No. 06-cv-7848-SVW-E, 2008 WL 3048855, at *3 (C.D. Cal. Jan. 31, 2008), as corrected (Mar. 7, 2008) ("[R]esolution of Plaintiff's claims against North China under the bills of lading will not prejudice King because North China and King are joint obligors with separate and independent obligations and Plaintiff is not seeking rescission of the contract.").

In accordance with the foregoing, the Court finds that Stokes has failed to demonstrate that PPB is an indispensable party. Since PPB and Stokes are jointly liable under the Agreement, complete relief may be granted in the absence of PPB. In addition, Stokes would not be subjected to a risk of multiple liability in PPB's absence. See Janney Montgomery Scott, 11 F.3d at 412. Therefore, Stokes' motion to dismiss for failure to join an indispensable party is **DENIED**.

## V.   CONCLUSION

In accordance with the foregoing, the Court **DENIES** defendant's motion to dismiss.

The Court directs the parties to provide briefing as to why this case should not be transferred to the District of Nevada. Defendant shall five a brief of no more than five (5) pages on or before July 7, 2017. Plaintiff shall file a responsive brief of no more than five (5) pages on or before July 14, 2017.

IT IS SO ORDERED.

|  | 00 | 00 |
|---|---|---|
| Initials of Preparer | CMJ | |