## CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:17-cv-02944-CAS(RAOx) | Date | August 15, 2017 |
|---|---|---|---|
| Title | VECRON EXIM LTD. v. CLINTON L. STOKES, III | | |

| | | |
|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | |
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**       (IN CHAMBERS) - DEFENDANT'S REQUEST TO TRANSFER VENUE TO THE DISTRICT OF NEVADA (Dkt. 14, filed July 7, 2017)

## I.    INTRODUCTION & BACKGROUND

On April 19, 2017, plaintiff Vecron Exim Ltd. brought the instant action against defendant Clinton L. Stokes, III.  Dkt. 1 ("Compl.").  Plaintiff alleges one claim for breach of contract.

On May 26, 2017, defendant filed a motion to dismiss for improper venue and failure to join an indispensable party.  Dkt. 9 ("MTD").  On June 27, 2017, the Court denied defendant's motion to dismiss upon finding that venue in this district is proper because defendant is a resident of Newbury Park, California.  Dkt. 13.  The Court ordered the parties to show cause why the action should not be transferred to the District of Nevada.  Id. at 6.  On July 7, 2017, defendant filed a memorandum in support of transfer to the District of Nevada.  Dkt. 14 ("Memo").  On July 14, 2017, plaintiff filed an opposition.  Dkt. 18 ("Opp'n").

Plaintiff is incorporated in Israel with its principal place of business in Reno, Nevada.  Compl. ¶ 3.  Defendant is a resident of Newbury Park, California.  Id. ¶ 4.  On January 23, 2017, the parties, along with non-party PPB Engineering and System Design, Inc. ("PPB"), entered into a valid and binding agreement ("the Agreement").  Id. ¶ 6.  Plaintiff alleges that defendant breached the Agreement, and seeks to recover its losses.  Id. ¶ 11.  The Agreement contains a forum selection clause which provides: "This Agreement will be governed by and construed in accordance with the laws of the State of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL            'O'

| Case No. | 2:17-cv-02944-CAS(RAOx) | Date | August 15, 2017 |
| Title | VECRON EXIM LTD. v. CLINTON L. STOKES, III | | |

Nevada, USA, and the Seller and Buyer hereby attorn to the jurisdiction of the Courts of the State of Nevada, USA." See MTD, Ex. A at 2.

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.  LEGAL STANDARDS

"For [1] the convenience of parties and [2] witnesses, [and] [3] in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

In analyzing the "interests of justice," a number of factors are relevant, including the following: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29–30 (1988); Jones v. GNC Franchising, Inc., 211 F.3d 495, 498–99 (9th Cir. 2000). Other factors that can be considered are: the enforceability of the judgment; the relative court congestion in the two forums; and which forum would better serve judicial economy. 17 Moore's Federal Practice § 111.13[1][c] (3d ed. 1997).

However, "[s]ubstantial weight is accorded to the plaintiff's choice of forum, and a court should not order a transfer unless the 'convenience' and 'justice' factors set forth above weigh heavily in favor of venue elsewhere." Catch Curve, Inc. v. Venali, Inc., No. 05-cv-04820-DDP-AJW, 2006 WL 4568799, at *1 (C.D. Cal. Feb. 27, 2006) (citing Investor Prot. Corp. v. Vigman, 764 F.2d 1309, 1317 (9th Cir. 1985)).

The party seeking to transfer venue bears the burden of showing that convenience and justice require transfer. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 278–279 (9th Cir. 1979). "[A] defendant must make a strong showing of inconvenience to warrant upsetting plaintiff's choice of forum." See Decker Coal Co. v.

| Case No. | 2:17-cv-02944-CAS(RAOx) | Date | August 15, 2017 |
|----------|--------------------------|------|------------------|
| Title    | VECRON EXIM LTD. v. CLINTON L. STOKES, III | | |

<u>Commonwealth Edison Co.</u>, 805 F.2d 834, 843 (9th Cir. 1986). The decision to transfer lies within the sound discretion of the trial judge. <u>See</u> <u>Sparling v. Hoffman Constr. Co.</u>, 864 F.2d 635, 639 (9th Cir. 1988). The judge must consider a transfer motion "according to an individualized, case-by-case consideration of convenience and fairness." <u>Jones</u>, 211 F.3d at 498.

## III. DISCUSSION

### A. The Forum Selection Clause

The parties devote much of their argument to the forum selection clause in the Agreement. The clause provides:

> This Agreement will be governed by and construed in accordance with the laws of the State of Nevada, USA, and the Seller and Buyer hereby attorn to the jurisdiction of the Courts of the State of Nevada, USA.

MTD, Ex. A at 2. The presence of a forum selection clause is a "significant factor" in a court's transfer analysis. <u>Jones</u>, 211 F.3d at 499. However, it is not dispositive. <u>Id.</u>

In deciding the weight to assign a forum selection clause in venue transfer, courts must determine whether a forum selection clause is permissive or exclusive. <u>See</u> <u>N. Cal. Dist. Council of Laborers v. Pittsburgh-Des Moines Steel Co.</u>, 69 F.3d 1034, 1036–37 (9th Cir. 1995). Permissive forum selection clauses "authorize jurisdiction and venue in a designated forum, but do not prohibit litigation elsewhere." Charles Alan Wright et al., 14D Fed. Prac. & Proc. Civ. § 3803.1 (4th ed.). By contrast, mandatory forum selection clauses "specify a venue or designate an *exclusive* jurisdiction for disputes arising out of the contract." <u>Mostny v. Winnie Papir, A/S</u>, 158 F. App'x 825, 826 (9th Cir. 2005) (emphasis in original) (citing <u>Docksider, Ltd. v. Sea Technology, Ltd.</u>, 875 F.2d 762, 764 (9th Cir. 1989)).

Courts have found language similar to the language here to be permissive. <u>See</u> <u>Magellan Real Estate Inv. Tr. v. Losch</u>, 109 F. Supp. 2d 1144, 1149 (D. Ariz. 2000) (finding that a clause providing that the parties "irrevocably attorn to the jurisdiction" of a particular court was permissive); <u>Southridge Ethanol, Inc. v. S. Louisiana Ethanol L.L.C.</u>, No. 3-06-cv-2362-G, 2007 WL 2375758, at *8 (N.D. Tex. Aug. 16, 2007)

CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:17-cv-02944-CAS(RAOx) | Date | August 15, 2017 |
|---|---|---|---|
| Title | VECRON EXIM LTD. v. CLINTON L. STOKES, III | | |

(finding that the language "attorn to the jurisdiction" lacks the requisite "explicitly exclusionary language"); Simon v. Foley, No. 07-cv-766-S, 2011 WL 4954790, at *6 (W.D.N.Y. Oct. 18, 2011) (a forum-selection clause whereby parties agreed to "irrevocably attorn[] to the jurisdiction" of Ontario was permissive, and "did not bind the parties to the exclusive, mandatory jurisdiction of the Ontario courts"); cf. Sherman v. PremierGarage Sys., LLC, No. 10-cv-0269-PHX-MHM, 2010 WL 3023320, at *2 (D. Ariz. July 30, 2010) (where the parties agreed to "irrevocably attorn" to the jurisdiction of Ontario, finding the forum selection clause to be exclusive because the parties had also signed a "Provision" entitled "choice of forum" that referenced the forum selection clause in the agreement and read: "All lawsuits must be brought in the Province in Ontario"); Campanini v. Studsvik, Inc., No. 08-cv-5910, 2009 WL 926975, at *1 (E.D. Pa. Apr. 6, 2009) (concluding that venue in Tennessee was mandatory where the parties agreed to "irrevocably attorn to the jurisdiction of the state of Tennessee" and also signed a choice of forum clause which read: "The parties agree that venue shall be any court of competent jurisdiction in Knoxville, TN").

Accordingly, the Court finds that the language in the forum selection clause here does not provide for exclusive venue in Nevada and is therefore permissive. Furthermore, the parties did not sign an additional agreement designating Nevada as an exclusive forum. Where a forum selection clause is permissive rather than exclusive, the court may proceed to appropriately weigh all of the other factors relevant to transfer. See BrowserCam Inc. v. Gomez, Inc., No. 08-cv-0295-WHA, 2008 WL 4408053, at *5 (N.D. Cal. Sept. 26, 2008) (permissive forum selection clause is not sufficient ground for transfer of venue); Lavera Skin Care N. Am., v. Laverana GmbH & Co. KG, No. 2-13-cv-02311-RSM, 2014 WL 7338739, at *5 (W.D. Wash. Dec. 19, 2014) (determining that a forum selection clause is permissive and proceeding to weigh other factors relevant to an analogous forum non conveniens motion).[1]

---

[1] In addition to the permissive nature of the forum selection clause, it is not clear whether the clause even applies to plaintiff. The clause indicates that "the *Seller and Buyer* hereby attorn to the jurisdiction of the Courts of the State of Nevada." MTD, Ex. A at 2 (emphasis added). The Agreement indicates that non-party Jiangyin Seaspire Fasten Optical Communication Material Co. Ltd. ("Jiangyin") is the "Buyer," but does not specify the identity of the "Seller." Id. It appears from the Agreement that defendant and PPB had a separate agreement with Jiangyin whereby they would sell certain

**CIVIL MINUTES – GENERAL**   '**O**'

| Case No. | 2:17-cv-02944-CAS(RAOx) | Date | August 15, 2017 |
|----------|--------------------------|------|------------------|
| Title | VECRON EXIM LTD. v. CLINTON L. STOKES, III | | |

### B.   Convenience to the Parties and Witnesses

Defendant argues that this case should be transferred to the District of Nevada because of the absence of plaintiff's ties to California, because of defendant's ties to Nevada, and because "there is no information to indicate. . . [that] there are non-party witnesses in the state of California." Memo at 3.

Defendant is a resident of California. The Court finds no reason why it would be inconvenient for defendant to litigate this case in his home state. Plaintiff, a resident of Nevada, chose to file the instant action in this district. Therefore, plaintiff is not inconvenienced by this case remaining in this district. As a result, the convenience of the parties counsels against transfer.

Defendant argues that PPB is "at a minimum an important non-party witness" who "agreed to be subject to jurisdiction of the State of Nevada." Id. at 4. However, that PPB agreed to the jurisdiction of Nevada does not establish that PPB refuses or cannot be compelled to testify in this District. Furthermore, "[i]n balancing the convenience of witnesses, courts must consider . . . the nature and quality of their testimony." Catch Curve, 2006 WL 4568799, at *3. A conclusory assertion that PPB *may* be an important non-party witness to this suit does not suffice. Thus, the convenience of witnesses is a neutral factor.

### C.   Interests of Justice

With respect to plaintiff's choice of forum, plaintiff chose to litigate this case in the Central District of California. "[A] plaintiff's choice [of forum] ordinarily deserves substantial deference." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 424 (1981). As a result, "[the] defendant bears a heavy burden of proof to justify the necessity of the transfer." STX, Inc. v. Trik Stik, Inc., 708 F.Supp. 1551, 1555–56 (N.D. Cal. 1988).

---

merchandise to Jiangyin and then use the proceeds from those sales to pay their debt to plaintiff. Id. Thus, it appears that the "Seller" in the Agreement is either defendant or PPB, or both. In any event, it appears that the forum selection clause does not apply to plaintiff.

CIVIL MINUTES – GENERAL        'O'

| Case No. | 2:17-cv-02944-CAS(RAOx) | Date | August 15, 2017 |
|---|---|---|---|
| Title | VECRON EXIM LTD. v. CLINTON L. STOKES, III | | |

Having considered the parties' arguments regarding other factors, including familiarity with the governing law, ease of access to sources of proof, and the parties' contacts with the forum, the Court finds that these factors play a neutral role in the consideration of transfer and do not upset plaintiff's choice of forum.

With regard to familiarity with the governing law, defendant argues that Nevada law governs the instant dispute and therefore transfer is appropriate. Memo at 3. Even if Nevada law applies here, "federal courts are deemed capable of applying the substantive laws of other states." Rabinowitz v. Samsung Elecs. Am., Inc., No. 14-cv-00801-JCS, 2014 WL 5422576, at *7 (N.D. Cal. Oct. 10, 2014) (quotation marks omitted). Plaintiff's breach of contract claim does not involve complex issues of state law and therefore familiarity with governing law is a neutral factor.

With respect to the ease of access to sources of proof, defendant argues that "essential . . . files, records, and underlying documentation are connected to the State of Nevada, not California." Memo at 4. However, courts have found that this factor does not weigh heavily in transfer analysis given that advances in technology have made it easy for documents to be transferred to different locations. See, e.g., Brackett v. Hilton Hotels Corp., 619 F. Supp. 2d 810, 820 (N.D. Cal. 2008) (due to "technological advances in document storage and retrieval, transporting documents between districts does not generally create a burden").

Finally, concerning the parties' contacts with the forum, as established above, defendant's argument that he has contacts with Nevada and that plaintiff has no contacts with California does not counsel in favor of transfer. Defendant is a resident of Newbury Park, California, and thus has substantial contacts in this district. Plaintiff has its principle place of business in Nevada, and thus has substantial contacts in Nevada. The record does not indicate plaintiff's contacts with this district, apart from its contractual relationship with defendant, who is a California resident. Given that plaintiff's principal place of business is Nevada, and defendant is a California resident, this factor is largely neutral. See, e.g., LFG Nat. Capital, LLC v. Gary, Williams, Finney, Lewis, Watson & Sperando, P.L., No. cv-11-9988-PSG, 2012 WL 8109236 at *5 (C.D. Cal. Mar. 9, 2012) (finding the "contacts with the forum" factor neutral where the plaintiff had "considerable" contacts in California but only minimal contacts in New York, and the defendant had "extensive" contacts in New York but only minimal contacts in California.).

**CIVIL MINUTES – GENERAL**     **'O'**

| Case No. | 2:17-cv-02944-CAS(RAOx) | Date | August 15, 2017 |
|----------|-------------------------|------|-----------------|
| Title | VECRON EXIM LTD. v. CLINTON L. STOKES, III | | |

Because plaintiff choice of forum counsels against transfer and the other justice factors are neutral, the interests of justice weigh against transfer.  Defendant has not made the requisite "strong showing of inconvenience [sufficient] to warrant upsetting plaintiff's choice of forum."  <u>Decker Coal Co.</u>, 805 F.2d at 843.  Therefore, the Court finds that transfer is not appropriate.

## IV.    CONCLUSION

In accordance with the foregoing, defendant's request to transfer venue to the United States District Court for the District of Nevada is **DENIED**.

IT IS SO ORDERED.

|  |  | 00 | 00 |
|--|--|----|----|
| | Initials of Preparer | | CMJ |