# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-02944-CAS(RAOx) | Date | November 20, 2018 |
| Title | VECRON EXIM LTD. V. CLINTON LEE STOKES, III | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| William Sinclair | Scott Meehan |
| | Kahlil McAlpin (former) |

**Proceedings:**    PLAINTIFF'S MOTION FOR REVIEW OF NONDISPOSITIVE RULING (Dkt. 92, filed on September 21, 2018)

PLAINTIFF'S MOTION FOR SANCTIONS (Dkt. 95, filed on October 2, 2018)

## I. INTRODUCTION

On April 19, 2017, plaintiff Vecron Exim Ltd. ("Vecron") filed this action against defendant Clinton Lee Stokes, III ("Stokes"), asserting a single claim for breach of contract. Dkt. 1. Plaintiff alleges that the parties, along with non-party PPB Engineering and System Design, Inc. ("PPB"), entered into a valid and binding Agreement, which Stokes breached by failing to comply with several payment obligations. Id.

On September 21, 2018, plaintiff filed the instant motion for review of a nondispositive ruling. Dkt. 92 ("Mot."). On September 28, 2018, defendant filed an opposition. Dkt. 94 ("Opp'n."). On October 2, 2018, plaintiff also filed a motion for sanctions against defendant's former counsel, Kahil J. McAlpin ("McAlpin"). Dkt. 95 ("Sanc. Mot."). McAlpin filed an opposition on November 4, 2018. Dkt. 98 ("Sanc. Opp'n").

The Court held a hearing on November 19, 2018. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-02944-CAS(RAOx) | Date | November 20, 2018 |
| Title | VECRON EXIM LTD. V. CLINTON LEE STOKES, III | | |

## II. BACKGROUND

### a. Case History

Following plaintiff's filing of its breach of contract complaint, on May 26, 2017, defendant, appearing *pro se*, filed a motion to dismiss for improper venue and failure to join PPB as an indispensable party. Dkt. 9. On June 27, 2017, the Court denied the motion—finding that (1) venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1); and (2) defendant failed to demonstrate that PPB is a necessary party. Dkt. 13. On August 14, 2017, the Court denied defendant's subsequent request to transfer venue to the District of Nevada on the grounds that the forum-selection clause in the Agreement is permissive and the remaining factors under 28 U.S.C. § 1404(a) weigh against transferring the action. Dkt. 19. On August 28, 2017, McAlpin appeared on behalf of defendant and filed an answer. Dkt. 20. In that answer, defendant admitted to "enter[ing] into a Memorandum of Understanding, which is a valid and binding contract among Vecron and Debtors." Dkt. 20 ("Answ.") at 2 (referencing Compl. ¶ 6). However, defendant denied that he failed to perform the obligations required of him by Memorandum of Understanding ("MOU"), as alleged by plaintiff. Answ. at 2 (referencing Compl. ¶¶ 7–11, 13–16).

On November 17, 2017, the Court held a scheduling conference. Dkt. 26. After defendant failed to respond to initial discovery requests, plaintiff filed a motion to compel on February 22, 2018, which defendant failed to oppose. Dkt. 29. The parties participated in a mediation on March 1, 2018, but were unable to reach a settlement agreement. Dkt. 36. On March 16, 2018, Magistrate Judge Rozella A. Oliver ("the Magistrate Judge") granted the motion to compel, ordering defendant to provide responses and any responsive documents with fourteen days. Dkt. 40. Defendant failed to comply with this discovery order.

On April 6, 2018, plaintiff moved for summary judgment. Dkt. 42. No opposition was filed. However, on May 4, 2018, defendant filed an *ex parte* application for an order continuing all dates, including the motion cut-off date. Dkt. 51 ("Appl."). Defendant alleged that he had just discovered his prior counsel, McAlpin, failed to properly defend him in this action, and that defendant had had retained new counsel, Scott A. Meehan ("Meehan"). Appl. At 2. Following a May 7, 2018 hearing and for good cause shown, the Court (1) granted defendant's *ex parte* application, (2) modified the scheduling order

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     **'O'**

| Case No. | 2:17-cv-02944-CAS(RAOx) | Date | November 20, 2018 |
|---|---|---|---|
| Title | VECRON EXIM LTD. V. CLINTON LEE STOKES, III | | |

accordingly, and (3) denied plaintiff's motion for summary judgment as moot. Dkt. 54. On May 18, 2018, the Court subsequently granted defendant leave to amend its answer. Dkt. 60 ("FAA"). In that answer, defendant denied entering into the MOU with plaintiff. FAA ¶ 6. In a declaration attached to his motion to continue all dates, defendant stated that

> I am informed that Mr. McAlpin filed an Answer on my behalf that admits that I entered into such contract. Mr. McAlpin never consulted with me about the facts of this case prior to filing the Answer. After I received a copy of the Answer he filed, I confronted him of the mistake in the Answer, I asked him how and when to let the other side know that I never signed the contract, he replied "at trial." Because he was my lawyer, I believed him.

Appl., Stokes Decl. ¶ 4. Defendant further declared that despite his efforts, there was a "lack of communication" between himself and McAlpin, and that McAlpin never informed defendant of plaintiff's discovery requests. Id. ¶¶ 5–10.

### b.  The Instant Discovery Dispute

On July 31, 2018, plaintiff took the deposition of defendant. Plaintiff's instant motion for review concerns the Magistrate Judge's ruling that defendant lawfully declined to answer ten questions during that deposition. Mot. at 2. Specifically, during the deposition, defense counsel Meehan instructed defendant to decline to answer ten questions, on the basis of attorney-client privilege. Id. The ten questions were:

1. Did [Mr. McAlpin] tell you if he was speaking with anybody else [regarding the March 1, 2018 mediation]?

2. Have you ever authorized Mr. McAlpin to settle a matter on your behalf?

3. What was [Mr. McAlpin's] response [when you speculated that Michael Stokes signed the contract]?

4. Did Mr. McAlpin, on September 11 or anytime thereafter, let you know about this email from Mr. Leitess [regarding Wesley Poff absconding with the equipment]?

5. Did Mr. McAlpin tell you about this email [from Mr. Leitess]?

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:17-cv-02944-CAS(RAOx) | Date | November 20, 2018 |
| Title | VECRON EXIM LTD. V. CLINTON LEE STOKES, III | | |

6. Did you discuss [settlement] terms with Mr. McAlpin?

7. Did Mr. McAlpin ask you to obtain and provide the address [of where the equipment is located]?

8. Did you authorize Mr. McAlpin to make that [settlement] offer?

9. [D]id you authorize Mr. McAlpin to extend those [settlement] terms to Vecron?

10. What was your response when [Mr. McAlpin] told you [about settlement terms from May 1, 2018]?

Id. at 2. Plaintiff's counsel certified the questions at the deposition. Id. at 3.

On August 20, 2018, the parties moved for an informal discovery conference with the Magistrate Judge to determine whether the questions sought to discover privileged attorney-client communications. Dkt. 88. The Magistrate Judge granted the motion and ordered the parties to submit letter briefing on the matter. Dkt. 89.

On September 4, 2018, after reviewing the parties' letter briefings and after holding a telephonic hearing, the Magistrate Judge determined that defendant was justified in declining to answer the ten questions at issue. Dkt. 91 ("Order"). The Magistrate Judge explained that the questions "concern three categories of communications" between defendant and defendant's former attorney: "(1) settlement discussions; (2) discussions regarding the location of certain equipment at issue in the instant litigation; and (3) the signer of a contract that is the basis [of] Plaintiff's breach of contract complaint." Id. at 1. Plaintiff argued that its questions sought to elicit facts underlying a communication relevant to the litigation, and that it did not seek to disclose any protected communications of legal advice. Mot., Ex. A at 2 – 4. However, the Magistrate Judge concluded that plaintiff's argument was "an attempt to circumvent the protections provided" by the privilege and found that plaintiff's questions sought answers about communications between an attorney and his client about a pending litigation, which were properly protected by the attorney-client privilege. Order at 1 – 2.

Specifically regarding plaintiff's third question—which asked "What was [Mr. McAlpin's] response [when you speculated that Michael Stokes signed the contract]?"—the Magistrate Judge concluded that defendant waived the attorney-client privilege because the defendant answered other questions on the topic. Order at 2. However, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | CIVIL MINUTES – GENERAL | | 'O' |
| Case No. | 2:17-cv-02944-CAS(RAOx) | Date | November 20, 2018 |
| Title | VECRON EXIM LTD. V. CLINTON LEE STOKES, III | | |

Magistrate Judge sustained defendant's objection to the question because she found the question irrelevant to this breach of contract action. Id.

Plaintiff filed for review of the nondispositive ruling on September 21, 2018. Mot. at 1.

## III. MOTION FOR REVIEW OF NONDISPOSITIVE RULING

### A. Legal Standard

Pursuant to Federal Rule of Civil Procedure 72(a), a party may file objections to a magistrate judge's non-dispositive order within fourteen days. The party shall file a motion for review by the assigned district judge "designating the specific portions of the ruling objected to and stating the grounds for the objection." Local Rule 72–2.1. Under this rule, the district judge will not modify or set aside a magistrate judge's ruling unless the objecting party shows that the ruling was "clearly erroneous or contrary to law." 28 U.S.C. § 626(b)(1)(A). "The 'clearly erroneous' standard applies to the magistrate judge's factual determinations and discretionary decisions, including orders imposing discovery sanctions." Computer Econ., Inc. v. Gartner Grp., Inc., 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing [body] on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Concrete Pipe & Prods. Of California, Inc. v. Constr. Laborers Pension Tr. for S. California, 508 U.S. 602, 623 (1993). The "contrary to law" standard allows "independent, plenary review of purely legal determinations" by the magistrate judge. Jadwin v. Cty. of Kern, No. CV-F-07-026 OWW/TAG, 2008 WL 4217742, at *1 (E.D. Cal. Sept. 11, 2008). An order is "contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." Id.

The attorney-client privilege "rests on the need for the advocate and counselor to know all that relates to the client's reasons for seeking representation if the professional mission is to be carried out." Upjohn Co. v. United States, 449 U.S. 383, 389 (1981) (quoting Trammel v. United States, 445 U.S. 40, 51, 100 S.Ct. 906, 913, 63 L.Ed.2d 186 (1980)). "Wigmore on Evidence describes the several elements of the privilege this way: (1) When legal advice of any kind is sought (2) from a professional legal adviser in his or her capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are, at the client's instance, permanently protected (7)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:17-cv-02944-CAS(RAOx) | Date | November 20, 2018 |
|---|---|---|---|
| Title | VECRON EXIM LTD. V. CLINTON LEE STOKES, III | | |

from disclosure by the client or by the legal adviser (8) unless the protection be waived." United States v. Martin, 278 F.3d 988, 999 (9th Cir. 2002), as amended on denial of reh'g (Mar. 13, 2002) (citing 8 J. Wigmore, Evidence § 2292, at 554 (McNaughton rev. 1961)). "The privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney . . . . The client cannot be compelled to answer the question, 'What did you say or write to the attorney?' but may not refuse to disclose any relevant fact within his knowledge merely because he incorporated a statement of such fact into his communication to his attorney." Upjohn Co., 449 U.S. at 395–96 (internal citations omitted).

The party asserting the privilege must identify the grounds for each communication it seeks to protect. Clarke v. Am. Commerce Nat. Bank, 974 F.2d 127, 129 (9th Cir. 1992). The Ninth Circuit has "recognized that the identity of the client, the amount of the fee, the identification of payment by case file name, and the general purpose of the work performed are usually not protected from disclosure by the attorney-client privilege." Id. "However, correspondence, bills, ledgers, statements, and time records which also reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of law, fall within the privilege." Id.

**B.     Discussion**

The Court concludes that the magistrate judge's order was not clearly erroneous or contrary to law. As presented on the record to the Magistrate Judge, the answers to each of the ten questions could invade the attorney-client privilege, revealing information about legal advice or litigation strategy. Similarly, there is nothing clearly erroneous or contrary to law about the Magistrate Judge's ruling that Question 3 – asking "What was [Mr. McAlpin's] response [when you speculated that Michael Stokes signed the contract]?"—was irrelevant as presented on the record. McAplin's reaction to defendant's speculation that defendant's brother signed the MOU has no bearing on a breach of contract claim, which is the sole claim alleged in plaintiff's complaint.

Plaintiff represents that it asked these questions not to elicit privileged communications, but to discover underlying facts related to the breach of contract matter. The Court acknowledges and recognizes that certain information that plaintiff may seek could fall outside the privilege. For example, Question 2— which asks whether defendant "ever authorized Mr. McAlpin to settle a matter on your behalf?"— could

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:17-cv-02944-CAS(RAOx) | Date | November 20, 2018 |
|---|---|---|---|
| Title | VECRON EXIM LTD. V. CLINTON LEE STOKES, III | | |

produce an objective, yes-or-no answer that does not disclose communications about legal advice or litigation strategy. As the question stands, however, it is very broad in that it does not clarify the timeframe, and the question could also reasonably produce disclosures about the circumstances in which defendant would or would not wish to settle. Such information could be protected by the attorney-client privilege. Similarly, with Question 7—which asks "Did Mr. McAlpin ask you to obtain and provide the address [of where the equipment is located]?"—the specific address where the equipment is located is not privileged because the address is an underlying fact. However, the circumstances surrounding McAlpin asking defendant questions about the address, which could relate to a litigation strategy, could be protected.

With regard to Question 3— "What was [Mr. McAlpin's] response [when you speculated that Michael Stokes signed the contract]?" – plaintiff also argues that defendant's objection should not be sustained because (1) defendant cannot state a relevancy objection because it was not raised at the deposition, and because (2) a relevancy objection cannot be the basis for instructing a deponent not to answer a deposition question. Mot. at 7. The Court finds, however, that defense counsel objected to the question on the grounds of attorney-client privilege, as permitted by Rule 30(c)(2). Mot., Ex. A at 112; Fed. R. Civ. P. 30 ("A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)."). The Magistrate Judge later found the question to be irrelevant, based on the record before her. Order at 2. At oral argument, counsel for plaintiff argued that the Magistrate Judge could not deny plaintiff's motion to compel discovery on the basis of relevancy. However, Rule 26 states that, "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is *relevant* to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26 (emphasis added). The Magistrate Judge found that Question 3 was of "dubious relevance" to the instant breach of contract action, and she expressed concern that "[p]laintiff's counsel is attempting to pursue discovery unrelated to its lawsuit." Order at 2. She further stated that "[p]laintiff's counsel declined to answer directly" when she inquired into the relevancy. Id. Given the record before her, and the appropriate scope of discovery, as dictated by Rule 26, the Court finds nothing clearly erroneous nor contrary to law in her ruling.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-02944-CAS(RAOx) | Date | November 20, 2018 |
| Title | VECRON EXIM LTD. V. CLINTON LEE STOKES, III | | |

Accordingly, to the extent that plaintiff seeks to pursue discovery on these topics, plaintiff should bring a new motion that clearly identifies the significance of its questions, and the specific factual information plaintiff seeks to elicit. Plaintiff should include related follow-up questions that help direct the line of inquiry to non-privileged matters. This will create a fuller record from which the Magistrate Judge can rule.

Additionally, plaintiff repeatedly references the possibility of fraud. Mot. at 8; Mot., Ex. A at 1 (suggesting that the underlying contract may be "the product of a byzantine fraud" and that defendant is "attempting to hide behind baseless claims of attorney-client privilege to further obstruct Plaintiff" from investigating). However, the Court is unclear if plaintiff argues that the crime-fraud exception to the attorney-client privilege applies in this case. If plaintiff so argues, plaintiff should clearly state its position.

## IV. MOTION FOR SANCTIONS

### A. Legal Standard

28 U.S.C. § 1927 provides that any "attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927 (West). The statute "applies only to unnecessary filings and tactics once a lawsuit has begun." In re Keegan Mgmt. Co., Secs. Litig., 78 F.3d 431, 435 (9th Cir. 1996).

Before § 1927 sanctions can be imposed, the court must make a finding of subjective bad faith, not simply objectively unreasonable behavior. Salstrom v. Citicorp Credit Services, Inc., 74 F.3d 183, 184 (9th Cir. 1996). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." In re Keegan Mgmt. Co., 78 F.3d at 436 (quoting Estate of Blas v. Winkler, 792 F.2d 858, 860 (9th Cir.1986)). Put differently, "[f]or sanctions to apply, if a filing is submitted recklessly, it must be frivolous, while if it is not frivolous, it must be intended to harass." Id. at 436.

The decision to sanction a party under § 1927 rests in the sound discretion of the district court. See, e.g., Trulis v. Barton, 107 F.3d 685, 694 (9th Cir.1996) (finding that the district court abused its discretion by not awarding § 1927 sanctions); MGIC Indemnity Corp. v. Moore, 952 F.2d 1120, 1121 (9th Cir. 1991) (holding that the district

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:17-cv-02944-CAS(RAOx) | Date | November 20, 2018 |
| Title | VECRON EXIM LTD. V. CLINTON LEE STOKES, III | | |

court abused its discretion by awarding § 1927 sanctions). As with sanctions awarded pursuant to the court's inherent powers, § 1927 sanctions must be tailored to the particular conduct challenged. See, e.g., United States v. Blodgett, 709 F.2d 608, 610–11 (9th Cir. 1983) ("Section 1927 only authorizes the taxing of excess costs arising from an attorney's unreasonable and vexatious conduct; it does not authorize imposition of sanctions in excess of costs reasonably incurred because of such conduct.").

### B. Discussion

Plaintiff moves for sanctions against McAlpin pursuant to § 1927. Plaintiff alleges that McAlpin knowingly concealed that defendant allegedly did not sign the MOU between plaintiff and defendant, and in so doing, McAlpin "essentially caused an entire year of litigation to be for naught." Sanc. Mot. at 2. Plaintiff also claims that McAlpin "compounded the problem" by failing to engage in discovery procedures, and by misrepresenting defendant's involvement in the mediation held on March 1, 2018. Id. at 5. "Upon information and belief," plaintiff alleges that, McAlpin acted in this way "to further a fraud whereby Defendant's half-brother, Michael Stokes, impersonated Defendant to confuse and stymie Plaintiff's efforts to collect." Id. at 2. Given McAlpin's alleged conduct, plaintiff requests that the Court "permit [plaintiff] to depose Mr. McAlpin and obtain from Mr. McAlpin all non-privileged documents and communications related hereto, award [plaintiff] its attorneys' fees incurred in bringing this Motion, and grant such relief as is appropriate and just under the circumstances after Plaintiff has the opportunity to supplement this motion after the deposition has been taken and the documents have been produced." Id. at 7.

McAlpin opposes plaintiff's motion on the grounds that it "lacks merit, is premature and is yet another attempt to seek attorney/client privileged and confidential settlement communications." Sanc. Opp'n at 1. McAlpin argues that plaintiff improperly "attempts to have a small portion of the deposition testimony of Clinton Stokes . . . be deemed as a 'finding-of-facts' ruling," and that McAlpin cannot present an alternative explanation for his alleged misconduct because it would violate the attorney-client privilege. Id. at 1–2. "For example, *hypothetically*, if Clinton Stokes told Attorney McAlpin that he did, in fact, sign the contract, then how would it be possible for Attorney McAlpin to defend against the Motion without violating that protected attorney client privilege communication?" Id. McAlpin adds that he possesses evidence of his conversations with defendant, but that the documents, texts, etc. are also privileged. Id. at 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:17-cv-02944-CAS(RAOx) | Date | November 20, 2018 |
| Title | VECRON EXIM LTD. V. CLINTON LEE STOKES, III | | |

The Court declines to rule on plaintiff's § 1927 motion at this time, and accordingly denies plaintiff's motion without prejudice. The Court finds that this motion is better reached at the conclusion of the case, when the record is more fully developed. See <u>Salstrom</u>, 74 F.3d at 185 (upholding a sanctions award postjudgment, as opposed to immediately following the misconduct, because "in some situations, liability under proper sanctioning authority will not be immediately apparent or may not be precisely and accurately discernible until a later time"). The Court notes, however, that the sole remedy available under § 1927 is the litigation costs resulting from an attorney's misconduct. See <u>Blodgett</u>, 709 F2d at 610. The statute is not a vehicle to request discovery. However, because the Court finds that this sanctions request is better decided on a more fully developed record, should the Court determine that depositions are necessary, it will order them, in the exercise of the Court's equitable power. Plaintiff can also request depositions, pursuant to the federal rules governing discovery. Fed. R. Civ. Pro. 27.

## V.     CONCLUSION

For the foregoing reasons, plaintiff's motion for review of a nondispositive ruling is **DENIED** *without prejudice*. Plaintiff's motion for sanctions is also **DENIED** *without prejudice*.

IT IS SO ORDERED.

| | 00 | 09 |
|---|---|---|
| Initials of Preparer | CMJ | |