| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-02944-CAS- RAOx | Date | July 17, 2019 |
| Title | VECRON EXIM LTD. V. CLINTON LEE STOKES, III | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Not Present  Not Present

**Proceedings:**  (IN CHAMBERS) - DEFENDANT'S MOTION FOR ATTORNEY FEES (Dkt. 112, filed May 5, 2019)

The Court vacated the hearing on this motion on May 24, 2019, dkt. 113, and the Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15.

## I.   INTRODUCTION

On April 19, 2017, plaintiff Vecron Exim Ltd. ("Vecron") filed this action against defendant Clinton Lee Stokes, III ("Stokes"), asserting a single claim for breach of contract. Dkt. 1 ("Compl."). The Court entered judgment on April 24, 2019. Dkt. 111. On May 5, 2019, defendant filed the instant motion for attorney's fees, seeking $34,290.00 in fees. Dkt. 112 ("Mot."). At that time, plaintiff, a business entity, had not retained counsel, and therefore on May 24, 2019, the Court issued an order to show why it should not grant defendant's motion for attorney's fees, and it granted plaintiff thirty (30) days to retain counsel and file an opposition. Dkt. 113. On June 19, 2019, Allan David Johnson appeared on behalf of plaintiff, dkt. 114, and plaintiff filed an opposition, dkt. 115 ("Opp'n"). Defendant did not file a reply.

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.   BACKGROUND

Plaintiff filed this action against defendant alleging a sole claim for breach of contract. Compl. at 1. Plaintiff asserted that on January 23, 2017, it entered into a valid

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-02944-CAS- RAOx | Date | July 17, 2019 |
| Title | VECRON EXIM LTD. V. CLINTON LEE STOKES, III | | |

Memorandum of Understanding with defendant (the "Agreement"), under which defendant was to pay plaintiff $650,000 by February 19, 2017. Compl. at 2–3. According to plaintiff, defendant breached the Agreement by failing to adhere to the payment obligation. Id. at 4.

On May 26, 2017, defendant, appearing *pro se*, filed a motion to dismiss for improper venue and failure to join PPB as an indispensable party. Dkt. 9. The Court denied defendant's motion. Dkt. 13. On August 28, 2017, defendant retained Kahil J. McAplin as counsel, and filed an answer in which defendant admitted that he "entered into a Memorandum of Understanding, which is a valid and binding contract among Vecron and Debtors." Dkt. 20 ("Answer") at 2 (admitting the allegation contained in paragraph 6 of the complaint).

On April 6, 2018, plaintiff moved for summary judgment. Dkt. 41. In the months proceeding, defendant failed to respond to discovery matters, and defendant failed to timely file an opposition to plaintiff's motion for summary judgment. See Dkt. 40, 45. Then, on May 4, 2018, a few days before the scheduled hearing on plaintiff's motion for summary judgment, defendant filed an *ex parte* application for an order continuing all dates. Dkt. 51. Defendant stated, in a declaration attached to his *ex parte* application that,

> I am informed that Mr. McAlpin filed an Answer on my behalf that admits that I entered into [the Agreement]. Mr. McAlpin never consulted with me about the facts of this case prior to filing the Answer. After I received a copy of the Answer he filed, I confronted him of the mistake in the Answer, I asked him how and when to let the other side know that I never signed the contract, he replied "at trial." Because he was my lawyer, I believed him.

Id., Declaration of Clinton Stokes, ¶ 4. Defendant further declared that, despite his efforts, there was a "lack of communication" between himself and McAlpin, and that McAlpin never informed defendant of plaintiff's discovery requests. Id. ¶¶ 5–10. At the time of defendant's *ex parte* application, defendant retained Scott A. Meehan ("Meehan") as new counsel. Dkt. 51.

The Court granted defendant's motion to continue all dates, dkt. 54, and granted defendant leave to amend his initial answer, dkt. 68. Subsequently, defendant filed an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-02944-CAS- RAOx | Date | July 17, 2019 |
| Title | VECRON EXIM LTD. V. CLINTON LEE STOKES, III | | |

amended answer wherein he changed his previous position and denied entering into the Agreement with plaintiff. Dkt. 60-1 ("FAA") ¶ 6.

On December 10, 2018, defendant filed a motion for summary judgment, dkt. 101 ("MSJ"), and plaintiff's counsel filed a motion to withdraw as counsel, dkt. 100. Plaintiff did not oppose defendant's motion, and upon request of the Court, dkt. 107, plaintiff filed a declaration stating that it understood that if the summary judgment motion was granted, plaintiff's breach of contract claim would be dismissed with prejudice, dkt. 104 ¶ 7. In light of the uncontroverted record before it, the Court therefore found that defendant never signed the Agreement, but instead his half-brother Michael Stokes signed the Agreement, forging defendant's name. Dkt. 106 at 5. Accordingly, on January 15, 2019, the Court granted defendant's motion for summary judgment on the grounds that plaintiff and defendant never formed a valid agreement under which the payment obligation could be enforced against defendant. Id. at 7. At that time, the Court also granted plaintiff's counsel's motion to withdraw counsel. Id. at 5.

Defendant now moves for attorney's fees pursuant to an attorney's-fee clause in the Agreement.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(2) "creates a procedure but not a right to recover attorneys' fees." MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co., 197 F.3d 1276, 1280 (9th Cir. 1999). Accordingly, "there must be another source of authority for such an award." Id. at 1281 (quoting Abrams v. Lightolier, Inc., 50 F.3d 1204, 1224 (3d Cir. 1995)). "The requirement under Rule 54(d)(2) of an independent source of authority for an award of attorneys' fees gives effect to the 'American Rule' that each party must bear its own attorneys' fees in the absence of a rule, statute, or contract authorizing such award." Abrams, 50 F.3d at 1224.

When a district court "exercis[es] its subject matter jurisdiction over a state law claim, so long as 'state law does not run counter to a valid federal statute or rule of court,. . . state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed.'" MRO Commc'ns, 197 F.3d at 1281 (quoting Alyeska Pipeline Serv. Co. v. Wilderness Society, 421 U.S. 240, 259 n.31 (1975)). California has codified the American Rule in Code of Civil Procedure

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:17-cv-02944-CAS- RAOx | Date | July 17, 2019 |
|---|---|---|---|
| Title | VECRON EXIM LTD. V. CLINTON LEE STOKES, III | | |

Section 1021, which provides: "Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties." Cal. Civ. Proc. Code § 1021; see Sears v. Baccaglio, 60 Cal. App. 4th 1136, 1143–44 (1998) (explaining that Section 1021 codifies the rule that "each party to a lawsuit must ordinarily pay his or her own attorney's fees"). One such statute is California Civil Code § 1717, which provides in part:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

Cal. Civ. Code § 1717(a) (West).

"[S]ection 1717 was originally enacted to limit the ability of a dominant contracting party to provide for a right to attorney's fees on only one side of an agreement." Sears, 60 Cal. App. 4th at 1144. Accordingly, "[i]f the contract provides for fees at all, then the prevailing party may recover them, even if the contract purports to specify only one of the parties as eligible." 7 Witkin, Cal. Proc., Judgment § 165 (5th ed. 2008). "Whether a contractual attorney fee clause provides for a fee award in a particular case is a question of contract interpretation." Windsor Pac. LLC v. Samwood Co., Inc., 213 Cal. App. 4th 263, 273 (2013).

## IV.  DISCUSSION

Defendant argues that he is entitled to an award of attorney's fees, under California Civil Code § 1717, because plaintiff's breach of contract action falls within the scope of the attorney's-fee provision articulated in Section 11 of the Agreement and because defendant successfully defended that claim. See Mot. at 3–5. Defendant seeks an award of attorney's fees in the sum of $34,290.00, which he claims were reasonably incurred. Id. at 5. From the time that he was retained in May 2018, defense counsel asserts that he performed 76.2 hours of legal services at a rate of $450.00 per hour. Dkt. 112-1 ("Meehan Decl.") ¶¶ 10–11.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:17-cv-02944-CAS- RAOx | Date | July 17, 2019 |
|---|---|---|---|
| Title | VECRON EXIM LTD. V. CLINTON LEE STOKES, III | | |

Plaintiff opposes defendant's motion. Opp'n at 2. First, plaintiff contends that Nevada law applies in this case because the Agreement includes a choice-of-law clause, which provides that the Agreement will be "governed and construed in accordance with" Nevada law. Id. at 8; see also Dkt. 112-2 ¶ 14.[1] Plaintiff asserts that under Nevada law, there is no statutory equivalent to Cal. Civ. Code § 1717; thus, plaintiff reasons that defendant cannot rely on § 1717 and is not entitled to attorney's fees. Opp'n at 8–11.

In the alternative, plaintiff argues that even if California law applies, defendant is barred by equitable principles from receiving an award of attorney's fees. Id. at 2. According to plaintiff, "all of the fees [defendant] incurred in this action were completely avoidable, unnecessary, and self-inflicted." Id. Specifically, plaintiff contends that defendant "chose to hide for over a year his true identity and the truth that his half-brother signed the [Agreement] instead of him" and knew that his half-brother had impersonated him during negotiations with plaintiff and the litigation. Id. at 11. Plaintiff presents evidence that defendant knew of his half-bother's scheme and had the ability to avoid incurring fees. Id. at 13. For example, plaintiff presents the deposition transcript in which defendant states that he knew that his half-brother had impersonated him during negotiations with plaintiff by using an email address containing defendant's name and during this litigation by attending a mediation over the phone on behalf of defendant. See Dkt. 115-2, Ex. 1 Deposition of Clinton Stokes ("Stokes Deposition") at 152:2–152:23; 56:16–58:11. Furthermore, plaintiff asserts that defendant stated that he knew the day he was served with the complaint that his half-brother had forged his signature on the Agreement. Id. at 105:15–106:20. Also, plaintiff presents an email message, dated April 21, 2017 and with the subject line "The Vecron Plan," in which defendant tells his half-brother that he needs to "get this resolved" or else he "will advise Chuck [of Vecron] that it has been you that has been communicating with him and that he's got no recourse with me as I did not approve nor sign this [Agreement]." Dkt. 115-2, Ex. 4.

---

[1]   The choice of law provision provides that, "[t]his Agreement will be governed by and construed in accordance with the laws of the State of Nevada, USA, and the Seller and the Buyer hereby attorn to the jurisdiction of the Courts of the State of Nevada, USA." Dkt. 112-2 ¶ 14.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-02944-CAS- RAOx | Date | July 17, 2019 |
| Title | VECRON EXIM LTD. V. CLINTON LEE STOKES, III | | |

### A. Choice of Law

As a preliminary matter, the Court finds that the choice-of-law provision contained in the Agreement is not enforceable because the Court previously found the Agreement to be invalid. Here, defendant did not consent to the Agreement since he did not sign it, making the Agreement invalid. Therefore, the Court does not find that the parties properly agreed on the choice-of-law provision. "[A] choice-of-law provision—like any other contractual provision—will not be enforced if it was included because of improper means or mistake." Discover Bank v. Superior Court, 134 Cal. App. 4th 886, 897 (Cal. Ct. App. 2005) (citing Restatement (Second) of Conflict of Laws § 187 com. b) ("[A] choice-of-law" provision […] will not be given effect if the consent of one of the parities to its inclusion in the contract was obtained by improper means, such as by misrepresentation, duress, or undue influence, or by mistake."). Accordingly, California law applies to the instant motion.

### B. Entitlement to Attorney's Fees

Section 1717 applies in this case because the Agreement provides that "[i]n the event that any Party finds it necessary to retain counsel in connection with a contract claim relating to the interpretation, defense, or enforcement of this agreement, the prevailing Party shall recover its reasonable attorney's fees and expenses from the unsuccessful Party." Dkt. 112-2 ¶ 11. A prevailing party under § 1717 is the one "who recovered a greater relief in the action on the contract." Cal. Civ. Code § 1717(b)(1) (West). A defendant is a prevailing party, if he or she "obtains a simple, unqualified victory by defeating the only contract claim in the action." Hsu v. Abbara, 9 Cal. 4th 863, 877 (1995). As a result, "Section 1717 entitles the successful defendant to recover reasonable attorney fees incurred in defense of that claim if the contract contained a provision for attorney fees." Id. Furthermore, "it has been consistently held that when a party litigant prevails in an action on a contract by establishing that the contract is invalid, inapplicable, unenforceable, or nonexistent, Section 1717 permits that party's recovery of attorney fees whenever the opposing parties would have been entitled to attorney fees under the contract had they prevailed." Santisas v. Goodin, 17 Cal. 4th 599, 611 (1998).

Here, defendant prevailed in an "action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred . . . shall be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-02944-CAS- RAOx | Date | July 17, 2019 |
| Title | VECRON EXIM LTD. V. CLINTON LEE STOKES, III | | |

awarded," which renders him a prevailing party under § 1717. Cal. Civ. Code § 1717(a). The Court granted defendant's motion for summary judgment and entered judgment in his favor. Accordingly, he "obtain[ed] a simple, unqualified victory by defeating the only contract claim in the action." Hsu, 9 Cal. 4th at 877. Although defendant prevailed because the Agreement was found to be invalid, the Court's finding does not bar his entitlement to reasonable attorney's fees because § 1717 applies even where a defendant defeats a contract claim by showing that they were never a party to the contract. Hsu, 9 Cal. 4th at 870-71 (explaining that § 1717 would "fall short of its goal of full mutuality of remedy if its benefits were denied to parties who defeat contract claims by proving that they were not parties to the alleged contract or that it was never formed.").

### C. Reasonableness of Fees

Under § 1717, "reasonable attorney's fees shall be fixed by the court." Cal. Civ. Code § 1717(a). "The trial court has broad discretion to determine the amount of a reasonable fee, and the award of such fees is governed by equitable principles. The first step involves the lodestar figure—a calculation based on the number of hours reasonably expended multiplied by the lawyer's hourly rate." EnPalm, LLC v. Teitler, 162 Cal. App. 4th 770, 774 (Cal. Ct. App. 2008).

However, a trial court may then adjust a lodestar figure based on a consideration of different factors including: "1) novelty and difficulty of questions involved; 2) skill displayed by attorney; 3) extent to which nature of litigation precluded other employment by attorney; and 4) contingent nature of fee award." Ketchum v. Moses, 24 Cal. 4th 1122, 1132 (2001). Also, a court may consider "the nature of the litigation, its difficulty, the amount involved, the skill required in its handling, the skill employed, the attention given, the success or failure, and *other circumstances in the case*." Melnyk v. Robledo, 64 Cal. App. 3d 618, 623–624 (Cal. Ct. App. 1976) (emphasis added). The "other circumstances" include whether a party "engaged in conduct that made much of the litigation unnecessary and, as a result, most of the lodestar figure represented attorney fees that were unreasonable." EnPalm, 162 Cal. App. 4th at 775. Accordingly, while a court may not "reduce a prevailing party's contractual attorney fees for purely subjective reasons, such as its views on the merits of a case, or antipathy toward a party, her counsel, or counsel's litigation strategy," and neither "may [fees] be reduced solely to punish a party for such reasons," id. at n.5, a court "has discretion to reduce a prevailing party's contractual attorney fees to the extent they were unnecessary," id.; see also

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-02944-CAS- RAOx | Date | July 17, 2019 |
| Title | VECRON EXIM LTD. V. CLINTON LEE STOKES, III | | |

Simmonds v. Wells Fargo Bank, N.A., No. SA-CV-18-01280-JVS (JDEx), 2019 WL 856862, at *3 (C.D. Cal. Jan. 22, 2019) (explaining that, under California law, "the Court may reduce an attorneys' fee award where the documentation is lacking or where the hours billed were excessive, redundant, otherwise unnecessary, or not reasonably expended"). For example, in EnPalm, the court applied equitable principles to reduce attorney's fees. Id. at 773. In that case, defense counsel requested $116,000 in fees. Id. After the court concluded that a reasonable lodestar was actually $50,000, it then reduced the fee award to $5,000 because, although the defendant was the prevailing party, she had lied under oath, which unnecessarily extended litigation and unreasonably incurred additional attorney's fees. Id.; see also PSM Holding Corp. v. Nat'l Farm Fin. Corp., 743 F. Supp. 2d 1136, 1167 (C.D. Cal. 2010), aff'd in part, 884 F.3d 812 (9th Cir. 2018) (denying all fees and costs for a bankruptcy proceedings after finding that such an award "would be inequitable because those proceedings were unnecessary").

Here, the Court finds that defendant is barred from recovering any attorney's fees under § 1717 because the time spent on the present case by defense counsel was effectively unnecessary. Although defendant only requests fees for the time once he corrected his answer, the Court still finds that the fees were incurred solely due to defendant's dishonesty before the Court and his failure to correct his false admittance for over a year. Rather than candidly alert plaintiff and the Court of his role in this matter at the beginning of this litigation, which could have ended the litigation, defendant obfuscated his role thereby unnecessarily expanding the amount of litigation and misguiding its direction. Plaintiff never opposed defendant's motion for summary judgment, and affirmatively agreed that summary judgment could be entered in favor of defendant. Therefore, the work done by Meehan on behalf of defendant to address these issues was likely avoidable. Given these facts, the Court finds that the entire sum of $34,290.00 in attorney's fees was unreasonably incurred by defendant. Defendant's motion is therefore **DENIED**.

## V. CONCLUSION

In accordance with the foregoing, the Court **DENIES** defendant's motion for attorney fees in the amount of $34,290.00.

IT IS SO ORDERED.

| | 00 | 00 |
|---|---|---|
| Initials of Preparer | | CMJ |